Thomas A. Counts (Bar No. 148051)
tomcounts@paulhastings.com
Elizabeth A. Dorsi (Bar No. 282285)
elizabethdorsi@paulhastings.com
PAUL HASTINGS LLP
55 Second Street, Twenty-Fourth Floor
San Francisco, CA  94105-3441
Telephone:  1(415) 856-7000
Facsimile:  1(415) 856-7100

Elizabeth L. Brann (Bar No. 222873)
elizabethbrann@paulhastings.com
PAUL HASTINGS LLP
4747 Executive Drive, 12th Floor
San Diego, CA  92121
Telephone:  1(858) 458-3000
Facsimile:  1(858) 458-3005

Timothy P. Cremen (MI Bar No. 478705)
timothycremen@paulhastings.com
(to be admitted *pro hac vice*)
Lisa Y. Leung (Bar No. 277460)
lisaleung@paulhastings.com
PAUL HASTINGS LLP
875 15th Street NW
Washington, D.C. 20005
Telephone:  (202) 551-1700
Facsimile:  (202) 551-1705

Attorneys for Plaintiff
ALIGN TECHNOLOGY, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ALIGN TECHNOLOGY, INC., | CASE NO. 3:15-cv-04864 |
| Plaintiff, | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |
| vs. | |
| SMILECARECLUB, LLC, CAMELOT SI, LLC D/B/A SHARPERIMAGE.COM, and BROOKSTONE, INC., | **JURY TRIAL DEMANDED** |
| Defendants. | |

For its Complaint against Defendants SmileCareClub, LLC ("SmileCareClub"), Camelot SI, LLC d/b/a SharperImage.com ("Sharper Image"), and Brookstone, Inc. ("Brookstone") (collectively, "Defendants"), Plaintiff Align Technology, Inc. (sometimes hereinafter referred to as "Align") hereby alleges, by and through its attorney, on personal knowledge as to its own actions and on information and belief as to the actions of others, as follows:

**THE PARTIES**

1.      Plaintiff Align Technology, Inc. ("Align") is a corporation organized under the laws of Delaware having its principal place of business in Santa Clara, California.

2.      Upon information and belief, at all relevant times mentioned below, Defendant SmileCareClub, LLC has been a corporation organized under the laws of Tennessee with a principal place of business at 27725 Stansbury Blvd. Ste. 175, Farmington Hills, Michigan.

3.      Upon information and belief, at all relevant times mentioned below, Defendant Camelot SI, LLC d/b/a SharperImage.com has been a corporation organized under the laws of Michigan with a principal place of business at 27725 Stansbury Blvd. Ste. 175, Farmington Hills, Michigan.

4.      Upon information and belief, at all relevant times mentioned below, Defendant Brookstone Inc. has been a corporation organized under the laws of Delaware with a principle place of business at One Innovation Way, Marrimack, New Hampshire.

**JURISDICTION AND VENUE**

5.      This lawsuit is an action for patent infringement rising under the patent laws of the United States, 35 U.S.C. §§ 101 et seq.  The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, and 1338(a), and 1367.

6.      On information and belief, Defendants regularly conduct business in this judicial district, and certain of the acts complained of herein occurred in this judicial district.

7.      Accordingly, the Court has personal jurisdiction over SmileCareClub, Sharper Image, and Brookstone, and venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1400(b).

1

## THE PATENTS-IN-SUIT

2      8.      On November 2, 1999, United States Patent No. 5,975,893 ("the '893 patent"),

3  entitled "Method and System for Incrementally Moving Teeth," was issued to Align.  At all

4  relevant times, Align owned the '893 patent with full and exclusive right to bring suit to enforce

5  it.  A true and correct copy of the '893 patent is attached as **Exhibit A**.

6      9.      On April 17, 2001, United States Patent No. 6,217,325 ("the '325 patent"), entitled

7  "Method and System for Incrementally Moving Teeth," was issued to Align.  At all relevant

8  times, Align owned the '325 patent with full and exclusive right to bring suit to enforce it.  A true

9  and correct copy of the '325 patent is attached as **Exhibit B**.

10      10.      On April 25, 2001, United States Patent No. 6,602,070 ("the '070 patent"), entitled

11  "Systems and Methods for Dental Treatment Planning," was issued to Align.  At all relevant

12  times, Align owned the '070 patent with full and exclusive right to bring suit to enforce it.  A true

13  and correct copy of the '070 patent is attached as **Exhibit C**.

14      11.      On May 8, 2001, United States Patent No. 6,227,850 ("the '850 patent"), entitled

15  "Teeth Viewing System," was issued to Align.  At all relevant times, Align owned the '850 patent

16  with full and exclusive right to bring suit to enforce it.  A true and correct copy of the '850 patent

17  is attached as **Exhibit D**.

18      12.      On September 17, 2002, United States Patent No. 6,450,807 ("the '807 patent"),

19  entitled "System and Method for Positioning Teeth," was issued to Align.  At all relevant times,

20  Align owned the '807 patent with full and exclusive right to bring suit to enforce it.  A true and

21  correct copy of the '807 patent is attached as **Exhibit E**.

22      13.      On October 29, 2002, United States Patent No. 6,471,511 ("the '511 patent"),

23  entitled "Defining Tooth-Moving Appliances Computationally," was issued to Align.  At all

24  relevant times, Align owned the '511 patent with full and exclusive right to bring suit to enforce

25  it.  A true and correct copy of the '511 patent is attached as **Exhibit F**.

26      14.      On September 30, 2003, United States Patent No. 6,626,666 ("the '666 patent"),

27  entitled "Method and System for Incrementally Moving Teeth," was issued to Align.  At all

28

-2-                      COMPLAINT FOR DAMAGES AND
                                                                          INJUNCTIVE RELIEF

1   relevant times, Align owned the '666 patent with full and exclusive right to bring suit to enforce

2   it.  A true and correct copy of the '666 patent is attached as **Exhibit G**.

3        15.    On October 7, 2003, United States Patent No. 6,629,840 ("the '840 patent"),

4   entitled "Method and System for Incrementally Moving Teeth," was issued to Align.  At all

5   relevant times, Align owned the '840 patent with full and exclusive right to bring suit to enforce

6   it.  A true and correct copy of the '840 patent is attached as **Exhibit H**.

7        16.    On March 2, 2004, United States Patent No. 6,699,037 ("the '037 patent"), entitled

8   "Method and System for Incrementally Moving Teeth," was issued to Align.  At all relevant

9   times, Align owned the '037 patent with full and exclusive right to bring suit to enforce it.  A true

10  and correct copy of the '037 patent is attached as **Exhibit I**.

11       17.    On April 20, 2004, United States Patent No. 6,722,880 ("the '880 patent"), entitled

12  "Method and System for Incrementally Moving Teeth," was issued to Align.  At all relevant

13  times, Align owned the '880 patent with full and exclusive right to bring suit to enforce it.  A true

14  and correct copy of the '880 patent is attached as **Exhibit J**.

15       18.    On November 14, 2006, United States Patent No. 7,134,874 ("the '874 patent"),

16  entitled "Computer Automated Development of an Orthodontic Treatment Plan and Appliance,"

17  was issued to Align.  At all relevant times, Align owned the '874 patent with full and exclusive

18  right to bring suit to enforce it.  A true and correct copy of the '874 patent is attached as **Exhibit

19  K**.

20       19.    On August 25, 2009, United States Patent No. 7,578,674 ("the '674 patent"),

21  entitled "Methods for Correcting Tooth Movements Midcourse in Treatment," was issued to

22  Align.  At all relevant times, Align owned the '674 patent with full and exclusive right to bring

23  suit to enforce it.  A true and correct copy of the '674 patent is attached as **Exhibit L**.

24       20.    On December 6, 2011, United States Patent No. 8,070,487 ("the '487 patent"),

25  entitled "System and Method for Positioning Teeth," was issued to Align.  At all relevant times,

26  Align owned the '487 patent with full and exclusive right to bring suit to enforce it.  A true and

27  correct copy of the '487 patent is attached as **Exhibit M**.

28

21.     On July 15, 2014, United States Patent No. 8,780,106 ("the '106 patent"), entitled "Clinician Review of an Orthodontic Treatment Plan and Appliance," was issued to Align.  At all relevant times, Align owned the '106 patent with full and exclusive right to bring suit to enforce it.  A true and correct copy of the '106 patent is attached as **Exhibit N**.

**<u>NOTICE OF THE PATENTS IN SUIT</u>**

22.     Align has complied and complies with the requirements of 35 U.S.C. § 287 by placing a notice of the '893, '325, '070, '850, '807, '511, '666, '840, '037, '880, '874, '674, '487, and '106 patents (collectively, "patents-in-suit") on all clear aligner therapy systems it manufactures and sells.

23.     On information and belief, Defendants have or will have knowledge of Align's patent portfolio, including the patents at issue, at least as of the filing date and/or service date of this Complaint.

24.     Defendants' infringement is willful at least as of the filing date and/or service date of this Complaint.

**<u>BACKGROUND</u>**

25.     Align is engaged in the business of, among other things, designing, manufacturing, and marketing the Invisalign System, a proprietary orthodontic method for treating malocclusion using clear orthodontic appliances called aligners.  Align received United States Food and Drug Administration ("FDA") clearance to market the Invisalign System in 1998.  At all times material to this action, Align has marketed, distributed, offered for sale, and sold the Invisalign System to orthodontists and general practice dentists (hereinafter "dentist(s)") in the State of California and throughout the United States.

26.     The Invisalign System can be employed in many cases as an alternative to conventional wire braces to treat malocclusion, while offering improved aesthetics, comfort and the ability to maintain oral hygiene, together with potentially reduced overall treatment time, and with a reduced incidence of emergencies requiring intervention by dental professionals during the course of treatment.  After an assessment of a patient's teeth, a dentist can prescribe such clear aligners as part of a course of treatment for malocclusion.  Upon choosing such a course, a dentist

takes molds, pictures, and/or digital scans of a patient's teeth and orders a system of progressively

modified aligners that will gradually realign the patient's teeth from their original position to

preferred final positions in accordance with the dentist's prescription.  The system of

progressively modified aligners is then manufactured, sold, and delivered to the dentist.  The

dentist provides the progressively modified aligners to the patient in sequence to gradually move

the patient's teeth to the preferred positions over the course of treatment.

27.    All dentists who treat patients using the Invisalign System must attend and

complete specialized instructional sessions to become trained Invisalign Providers.  Prior to

beginning treatment, a dentist takes x-rays, impressions, pictures, and/or digital scans of a

patient's teeth and evaluates their overall dental health to determine whether the patient is a

suitable candidate for the Invisalign System.  During the treatment process, dentists schedule

regular appointments with their Invisalign patients to ensure that the treatment is progressing as

planned and to provide subsequent sets of aligners.

28.    Align's FDA clearance to market the Invisalign System specifies that a dentist will

oversee each patient's treatment.

29.    Defendant SmileCareClub competes with Align and recently became engaged in

the business of marketing the SmileCareClub system, which also uses clear orthodontic

appliances, or aligners, for use in treating malocclusion.

30.    Under the SmileCareClub system, patients take and submit photographs of their

teeth and fill out a medical questionnaire regarding their dental history.  After the patients' photos

have been reviewed and approved, SmileCareClub sends the patient an Impression Kit and a set

of dental history forms to complete.  The patient uses the Impression Kit to take impressions of

their dentition and returns the impressions and the completed dental history forms to

SmileCareClub's lab.

31.    SmileCareClub's lab creates a custom treatment plan for each patient, which

SmileCareClub sends to the patient for review prior to the start of treatment. The treatment plan

shows how the patient's teeth are expected to move with each set of aligners and what the

1  patient's final teeth position is expected to be.  Once the treatment plan is approved, the patient

2  receives a series of aligners to be worn in a specific sequence.

3          32.      Upon information and belief, SmileCareClub contracts with dental professionals

4  licensed in the patient's state to oversee each patient's case and to approve the patient's treatment

5  plan.  The dental professional does not meet with the patient for an initial evaluation of the

6  patient's dental history, does not take an x-ray of the patient's teeth, and does not meet with the

7  patient in-person during their treatment to evaluate the patient's progress.  In certain cases, the

8  dental professional will conduct an Interproximal Reduction to remove enamel from between the

9  patient's teeth to create the necessary space for the teeth to move to their ideal position.

10          33.      Upon information and belief, SmileCareClub does not have a dental professional

11  independently verify a patient's self-reporting of their medical or dental history.

12          34.      Upon information and belief, SmileCareClub received FDA clearance as a

13  Repackager/Relabeler of invisible aligners that are cleared by the FDA for manufacturing by a

14  separate entity.

15          35.      Upon information and belief, SmileCareClub does not develop the treatment plans

16  or manufacture the aligners itself for SmileCareClub patients.

17          36.      Defendant SmileCareClub markets and sells the SmileCareClub system directly to

18  consumers on its website SmileCareClub.com.

19          37.      Defendant Sharper Image markets and sells the SmileCareClub system directly to

20  consumers on its website SharperImage.com.

21          38.      Defendant Brookstone markets and sells the SmileCareClub system directly to

22  consumers on its website Brookstone.com.

23          39.      At all times material to this action, Defendants have marketed, distributed, offered

24  for sale, and sold the SmileCareClub system to customers in the State of California, and

25  throughout the United States, in competition with the Invisalign System that is marketed,

26  distributed, offered for sale, and sold by Align.

27

28

## COUNT ONE:
## INFRINGEMENT OF THE '893 PATENT

40.     Align realleges and incorporates herein the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

41.     In violation of 35 U.S.C. § 271(a), Defendants have infringed and are still infringing, either literally and/or under the doctrine of equivalents, the '893 patent by making, offering to sell, and/or selling clear aligner therapy systems covered by at least claim 1 thereof.

42.     In violation of 35 U.S.C. § 271(g), Defendants have infringed and are still infringing, either literally and/or under the doctrine of equivalents, the '893 patent by offering to sell and selling clear aligner therapy systems made by the processes covered by at least claim 12 thereof.

43.     Upon information and belief, Defendants have willfully infringed the '893 patent.

44.     As a result of Defendants' infringement, Align has suffered and will suffer damages.

45.     Upon information and belief, Defendants' acts of infringement of the '893 patent will continue after service of this Complaint unless enjoined by the Court.

46.     Unless Defendants are enjoined by the Court from continuing their infringement of the '893 patent, Align will suffer additional irreparable damages and impairment of the value of its patent rights.  Thus, Align is entitled to preliminary and permanent injunctions against further infringement.

## COUNT TWO:
## INFRINGEMENT OF THE '325 PATENT

47.     Align realleges and incorporates herein the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

48.     In violation of 35 U.S.C. § 271(a), at least Defendant SmileCareClub has infringed and are still infringing, either literally and/or under the doctrine of equivalents, at least claim 1 of the '325 patent by performing in the United States  in the United States and without authority every step of the patented invention by providing clear aligner therapy systems.

49.     In violation of 35 U.S.C. § 271(g), Defendants have infringed and are still infringing, either literally and/or under the doctrine of equivalents, the '325 patent by offering to sell and selling clear aligner therapy systems made by the processes covered by at least claim 1 thereof.

50.     Upon information and belief, Defendants have willfully infringed the '325 patent.

51.     As a result of Defendants' infringement, Align has suffered and will suffer damages.

52.     Upon information and belief, Defendants' acts of infringement of the '325 patent will continue after service of this Complaint unless enjoined by the Court.

53.     Unless Defendants are enjoined by the Court from continuing their infringement of the '325 patent, Align will suffer additional irreparable damages and impairment of the value of its patent rights.  Thus, Align is entitled to preliminary and permanent injunctions against further infringement.

**COUNT THREE:**
**INFRINGEMENT OF THE '070 PATENT**

54.     Align realleges and incorporates herein the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

55.     In violation of 35 U.S.C. § 271(a), at least Defendant SmileCareClub has infringed and are still infringing, either literally and/or under the doctrine of equivalents, at least claim 34 of the '070 patent by performing in the United States  in the United States and without authority every step of the patented invention by providing clear aligner therapy systems.

56.     Upon information and belief, Defendants have willfully infringed the '070 patent.

57.     As a result of Defendants' infringement, Align has suffered and will suffer damages.

58.     Upon information and belief, Defendants' acts of infringement of the '070 patent will continue after service of this Complaint unless enjoined by the Court.

59.     Unless Defendants are enjoined by the Court from continuing their infringement of the '070 patent, Align will suffer additional irreparable damages and impairment of the value of

1    its patent rights.  Thus, Align is entitled to preliminary and permanent injunctions against further

2    infringement.

3                                  **COUNT FOUR:**
                        **INFRINGEMENT OF THE '850 PATENT**
4

5        60.     Align realleges and incorporates herein the allegations contained in the preceding

6    paragraphs of this Complaint as if fully set forth herein.

7        61.     In violation of 35 U.S.C. § 271(a), at least Defendant SmileCareClub has infringed

8    and are still infringing, either literally and/or under the doctrine of equivalents, at least claim 1 of

9    the '850 patent by performing in the United States  in the United States and without authority

10   every step of the patented invention by providing clear aligner therapy systems.

11       62.     Upon information and belief, Defendants have willfully infringed the '850 patent.

12       63.     As a result of Defendants' infringement, Align has suffered and will suffer

13   damages.

14       64.     Upon information and belief, Defendants' acts of infringement of the '850 patent

15   will continue after service of this Complaint unless enjoined by the Court.

16       65.     Unless Defendants are enjoined by the Court from continuing their infringement of

17   the '850 patent, Align will suffer additional irreparable damages and impairment of the value of

18   its patent rights.  Thus, Align is entitled to preliminary and permanent injunctions against further

19   infringement.

20                                 **COUNT FIVE:**
                        **INFRINGEMENT OF THE '807 PATENT**
21

22       66.     Align realleges and incorporates herein the allegations contained in the preceding

23   paragraphs of this Complaint as if fully set forth herein.

24       67.     In violation of 35 U.S.C. § 271(a), at least Defendant SmileCareClub has infringed

25   and are still infringing, either literally and/or under the doctrine of equivalents, at least claim 1 of

26   the '807 patent by performing in the United States  in the United States and without authority

27   every step of the patented invention by providing clear aligner therapy systems.

28

1    68.    In violation of 35 U.S.C. § 271(g), Defendants have infringed and are still

2    infringing, either literally and/or under the doctrine of equivalents,  the '807 by making, offering

3    to sell, and/or selling clear aligner therapy systems made by the processes covered by at least

4    claim 1 thereof.

5    69.    Upon information and belief, Defendants have willfully infringed the '807 patent.

6    70.    As a result of Defendants' infringement, Align has suffered and will suffer

7    damages.

8    71.    Upon information and belief, Defendants' acts of infringement of the '807 patent

9    will continue after service of this Complaint unless enjoined by the Court.

10    72.    Unless Defendants are enjoined by the Court from continuing their infringement of

11    the '807 patent, Align will suffer additional irreparable damages and impairment of the value of

12    its patent rights.  Thus, Align is entitled to preliminary and permanent injunctions against further

13    infringement.

14
15    **COUNT SIX:**
**INFRINGEMENT OF THE '511 PATENT**

16    73.    Align realleges and incorporates herein the allegations contained in the preceding

17    paragraphs of this Complaint as if fully set forth herein.

18    74.    In violation of 35 U.S.C. § 271(a), at least Defendant SmileCareClub has infringed

19    and are still infringing, either literally and/or under the doctrine of equivalents, at least claim 1 of

20    the '511 patent by performing in the United States  in the United States and without authority

21    every step of the patented invention by providing clear aligner therapy systems.

22    75.    In violation of 35 U.S.C. § 271(g), Defendants have infringed and are still

23    infringing, either literally and/or under the doctrine of equivalents,  the '511 patent by offering to

24    sell and selling clear aligner therapy systems made by the processes covered by at least claim 1

25    thereof.

26    76.    Upon information and belief, Defendants have willfully infringed the '511 patent.

27    77.    As a result of Defendants' infringement, Align has suffered and will suffer

28    damages.

-10-

78.     Upon information and belief, Defendants' acts of infringement of the '511 patent will continue after service of this Complaint unless enjoined by the Court.

79.     Unless Defendants are enjoined by the Court from continuing their infringement of the '511 patent, Align will suffer additional irreparable damages and impairment of the value of its patent rights.  Thus, Align is entitled to preliminary and permanent injunctions against further infringement.

**COUNT SEVEN:**
**INFRINGEMENT OF THE '666 PATENT**

80.     Align realleges and incorporates herein the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

81.     In violation of 35 U.S.C. § 271(a), at least Defendant SmileCareClub has infringed and are still infringing, either literally and/or under the doctrine of equivalents, at least claim 1 of the '666 patent by performing in the United States  in the United States and without authority every step of the patented invention by providing clear aligner therapy systems.

82.     Upon information and belief, Defendants have willfully infringed the '666 patent.

83.     As a result of Defendants' infringement, Align has suffered and will suffer damages.

84.     Upon information and belief, Defendants' acts of infringement of the '666 patent will continue after service of this Complaint unless enjoined by the Court.

85.     Unless Defendants are enjoined by the Court from continuing their infringement of the '666 patent, Align will suffer additional irreparable damages and impairment of the value of its patent rights.  Thus, Align is entitled to preliminary and permanent injunctions against further infringement.

**COUNT EIGHT:**
**INFRINGEMENT OF THE '840 PATENT**

86.     Align realleges and incorporates herein the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

87.     In violation of 35 U.S.C. § 271(a), at least Defendant SmileCareClub has infringed and are still infringing, either literally and/or under the doctrine of equivalents, at least claim 1 of the '840 patent by performing in the United States  in the United States and without authority every step of the patented invention by providing clear aligner therapy systems.

88.     In violation of 35 U.S.C. § 271(g), Defendants have infringed and are still infringing, either literally and/or under the doctrine of equivalents,  the '840 patent by offering to sell and selling clear aligner therapy systems made by the processes covered by at least claim 1 thereof.

89.     Upon information and belief, Defendants have willfully infringed the '840 patent.

90.     As a result of Defendants' infringement, Align has suffered and will suffer damages.

91.     Upon information and belief, Defendants' acts of infringement of the '840 patent will continue after service of this Complaint unless enjoined by the Court.

92.     Unless Defendants are enjoined by the Court from continuing their infringement of the '840 patent, Align will suffer additional irreparable damages and impairment of the value of its patent rights.  Thus, Align is entitled to preliminary and permanent injunctions against further infringement.

**COUNT NINE:**
**INFRINGEMENT OF THE '037 PATENT**

93.     Align realleges and incorporates herein the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

94.     In violation of 35 U.S.C. § 271(a), at least Defendant SmileCareClub has infringed and are still infringing, either literally and/or under the doctrine of equivalents, at least claim 1 of the '037 patent by performing in the United States  in the United States and without authority every step of the patented invention by providing clear aligner therapy systems.

95.     In violation of 35 U.S.C. § 271(g), Defendants have infringed and are still infringing, either literally and/or under the doctrine of equivalents,  the '037 patent by offering to

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF

1    sell and selling clear aligner therapy systems made by the processes covered by at least claim 1

2    thereof.

3         96.    Upon information and belief, Defendants has willfully infringed the '037 patent.

4         97.    As a result of Defendants' infringement, Align has suffered and will suffer

5    damages.

6         98.    Upon information and belief, Defendants' acts of infringement of the '037 patent

7    will continue after service of this Complaint unless enjoined by the Court.

8         99.    Unless Defendants are enjoined by the Court from continuing their infringement of

9    the '037 patent, Align will suffer additional irreparable damages and impairment of the value of

10   its patent rights.  Thus, Align is entitled to preliminary and permanent injunctions against further

11   infringement.

12                        **COUNT TEN:**

13              **INFRINGEMENT OF THE '880 PATENT**

14        100.   Align realleges and incorporates herein the allegations contained in the preceding

15   paragraphs of this Complaint as if fully set forth herein.

16        101.   In violation of 35 U.S.C. § 271(a), at least Defendant SmileCareClub has infringed

17   and are still infringing, either literally and/or under the doctrine of equivalents, at least claim 1 of

18   the '880 patent by performing in the United States  in the United States and without authority

19   every step of the patented invention by providing clear aligner therapy systems.

20        102.   In violation of 35 U.S.C. § 271(g), Defendants have infringed and are still

21   infringing, either literally and/or under the doctrine of equivalents,  the '880 patent by offering to

22   sell and selling clear aligner therapy systems made by the processes covered by at least claim 1

23   thereof.

24        103.   Upon information and belief, Defendants have willfully infringed the '880 patent.

25        104.   As a result of Defendants' infringement, Align has suffered and will suffer

26   damages.

27        105.   Upon information and belief, Defendants' acts of infringement of the '880 patent

28   will continue after service of this Complaint unless enjoined by the Court.

106.    Unless Defendants are enjoined by the Court from continuing their infringement of the '880 patent, Align will suffer additional irreparable damages and impairment of the value of its patent rights.  Thus, Align is entitled to preliminary and permanent injunctions against further infringement.

**COUNT ELEVEN:**
**INFRINGEMENT OF THE '874 PATENT**

107.    Align realleges and incorporates herein the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

108.    In violation of 35 U.S.C. § 271(a), at least Defendant SmileCareClub has infringed and are still infringing, either literally and/or under the doctrine of equivalents, at least claim 1 of the '874 patent by performing in the United States  in the United States and without authority every step of the patented invention by providing clear aligner therapy systems.

109.    In violation of 35 U.S.C. § 271(g), Defendants have infringed and are still infringing, either literally and/or under the doctrine of equivalents,  the '874 patent by offering to sell and selling clear aligner therapy systems made by the processes covered by at least claim 1 thereof.

110.    Upon information and belief, Defendants have willfully infringed the '874 patent.

111.    As a result of Defendants' infringement, Align has suffered and will suffer damages.

112.    Upon information and belief, Defendants' acts of infringement of the '874 patent will continue after service of this Complaint unless enjoined by the Court.

113.    Unless Defendants are enjoined by the Court from continuing their infringement of the '874 patent, Align will suffer additional irreparable damages and impairment of the value of its patent rights.  Thus, Align is entitled to preliminary and permanent injunctions against further infringement.

1

**COUNT TWELVE:**
**INFRINGEMENT OF THE '674 PATENT**

2

3      114.    Align realleges and incorporates herein the allegations contained in the preceding

4    paragraphs of this Complaint as if fully set forth herein.

5      115.    In violation of 35 U.S.C. § 271(a), at least Defendant SmileCareClub has infringed

6    and are still infringing, either literally and/or under the doctrine of equivalents, at least claim 17

7    of the '674 patent by performing in the United States  in the United States and without authority

8    every step of the patented invention by providing clear aligner therapy systems.

9      116.    In violation of 35 U.S.C. § 271(g), Defendants have infringed and are still

10   infringing, either literally and/or under the doctrine of equivalents,  the '674 patent by offering to

11   sell and selling clear aligner therapy systems made by the processes covered by at least claim 17

12   thereof.

13     117.    Upon information and belief, Defendants have willfully infringed the '674 patent.

14     118.    As a result of Defendants' infringement, Align has suffered and will suffer

15   damages.

16     119.    Upon information and belief, Defendants' acts of infringement of the '674 patent

17   will continue after service of this Complaint unless enjoined by the Court.

18     120.    Unless Defendants are enjoined by the Court from continuing their infringement of

19   the '674 patent, Align will suffer additional irreparable damages and impairment of the value of

20   its patent rights.  Thus, Align is entitled to preliminary and permanent injunctions against further

21   infringement.

22

**COUNT THIRTEEN:**
**INFRINGEMENT OF THE '487 PATENT**

23

24     121.    Align realleges and incorporates herein the allegations contained in the preceding

25   paragraphs of this Complaint as if fully set forth herein.

26     122.    In violation of 35 U.S.C. § 271(a), at least Defendant SmileCareClub has infringed

27   and are still infringing, either literally and/or under the doctrine of equivalents, at least claim 10

28

1  of the '487 patent by performing in the United States  in the United States and without authority

2  every step of the patented invention by providing clear aligner therapy systems.

3       123.    In violation of 35 U.S.C. § 271(g), Defendants have infringed and are still

4  infringing, either literally and/or under the doctrine of equivalents, the '487 patent by offering to

5  sell and selling clear aligner therapy systems made by the processes covered by at least claim 10

6  thereof.

7       124.    In violation of 35 U.S.C. § 271, Defendants have infringed and continue to

8  infringe the '487 patent by contributing to or actively inducing the infringement by others, such

9  as Defendants' customers, of the '487 patent by providing clear aligner therapy systems.

10      125.    Upon information and belief, Defendants have willfully infringed the '487 patent.

11      126.    As a result of Defendants' infringement, Align has suffered and will suffer

12  damages.

13      127.    Upon information and belief, Defendants' acts of infringement of the '487 patent

14  will continue after service of this Complaint unless enjoined by the Court.

15      128.    Unless Defendants are enjoined by the Court from continuing their infringement of

16  the '487 patent, Align will suffer additional irreparable damages and impairment of the value of

17  its patent rights.  Thus, Align is entitled to preliminary and permanent injunctions against further

18  infringement.

19
                       **COUNT FOURTEEN:**
20                 **INFRINGEMENT OF THE '106 PATENT**

21      129.    Align realleges and incorporates herein the allegations contained in the preceding

22  paragraphs of this Complaint as if fully set forth herein.

23      130.    In violation of 35 U.S.C. § 271(a), Defendants have infringed and are still

24  infringing, either literally and/or under the doctrine of equivalents, at least claim 7 of the '106

25  patent by performing in the United States  in the United States and without authority every step of

26  the patented invention by providing clear aligner therapy systems.

27      131.    In violation of 35 U.S.C. § 271(g), Defendants have infringed and are still

28  infringing, either literally and/or under the doctrine of equivalents,  the '106 patent by offering to

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF

1  sell and selling clear aligner therapy systems made by the processes covered by at least claim 7

2  thereof.

3       132.    Upon information and belief, Defendants have willfully infringed the '106 patent.

4       133.    As a result of Defendants' infringement, Align has suffered and will suffer

5  damages.

6       134.    Upon information and belief, Defendants' acts of infringement of the '106 patent

7  will continue after service of this Complaint unless enjoined by the Court.

8       135.    Unless Defendants are enjoined by the Court from continuing their infringement of

9  the '106 patent, Align will suffer additional irreparable damages and impairment of the value of

10  its patent rights.  Thus, Align is entitled to preliminary and permanent injunctions against further

11  infringement.

## COUNT FIFTEEN:
## FALSE AND MISLEADING ADVERTISING IN VIOLATION OF SECTION 43(A) OF THE LANHAM ACT, 15 U.S.C. § 1125(A)

12

13       136.    Align realleges and incorporates herein the allegations contained in the preceding

14  paragraphs of this Complaint as if fully set forth herein.

15       137.    SmileCareClub advertises on its website that "[b]y working with remote licensed

16  dental professionals to prescribe treatment and oversee your case, we eliminate a majority of the

17  costs associated with other invisible aligner systems . . . all without sacrificing quality."

18  Additionally, SmileCareClub advertises that customers will receive "identical results for less than

19  50% of the others."

20       138.    SmileCareClub further advertises that SmileCareClub Invisible Aligners are "FDA

21  Approved."

22       139.    Sharper Image currently advertises on its website that the SmileCareClub system is

23  "convenient, safe and affordable, and all under the care of a licensed dental professional who

24  prescribes and oversees treatment virtually."  Sharper Image previously advertised that the

25  SmileCareClub system is "easy, convenient and this consumer-friendly model lowers costs, and

26  the savings are passed on to you.  Smile Care Club has pioneered teledentistry by matching

27

28

1   patients with Smile Care Club dental professionals for virtual office visits to prescribe and

2   oversee treatment."

3        140.    Brookstone advertises on its website that the SmileCareClub system is "easy,

4   convenient and this consumer-friendly model lowers costs, and the savings are passed on to you.

5   Smile Care Club has pioneered teledentistry by matching patients with Smile Care Club dental

6   professionals for virtual office visits to prescribe and oversee treatment."

7        141.    Defendants' advertising misleads customers into believing that the SmileCareClub

8   product is of the same quality, and is just as safe, as the Invisalign System.

9        142.    The SmileCareClub system is not identical to the Invisalign System because

10  customers using the SmileCareClub system are not physically evaluated or monitored throughout

11  treatment by a dentist.  Oversight by a dentist is necessary to protect a patient's dental health and

12  monitor their treatment progress.

13       143.    Dentists play an important role in determining a patient's suitability for treatment

14  and prescribing treatment, as well as in monitoring the patient's dental health and treatment

15  progress.  For example, without oversight by a dentist to determine if they are good candidates for

16  treatment, customers of the SmileCareClub system are at risk of undiagnosed tooth decay,

17  periodontal disease, decalcification (permanent markings on the patient's teeth), or inflammation

18  of the gums.  Customers are also at risk of existing dental restorations, such as crowns and

19  bridges, becoming dislodged.  Moreover, dentists monitor patients for extreme side effects such

20  as root resorption, where the tooth's roots become shorter, possibly leading to the loss of the

21  tooth.

22       144.    Defendants' adoption of SmileCareClub's claim that it is "FDA Approved" is

23  deceptive and misleading for several reasons.  First, SmileCareClub's claim that SmileCareClub

24  invisible aligners are "FDA Approved" is false.  SmileCareClub aligners have not been subject to

25  the FDA Premarket approval (PMA) process.  SmileCareClub's advertising misleads customers

26  into believing that the FDA has analyzed the SmileCareClub clear aligner system and verified

27  that it is a safe and effective product when no such scientific and regulatory review has occurred.

28  Second, for this same reason, SmileCareClub's use of the "FDA Approved" logo on its marketing

Case No. 3:15-cv-04864

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF

materials is improper, deceptive and misleading.  Third, until very recently, SmileCareClub's purported "FDA approval" was only as a repackager/relabeler of dental positioners designed to prevent teeth from moving, not sequential aligners intended to move teeth.  Thus, for that period of time, SmileCareClub was distributing a product that was not properly registered with the FDA, let alone "FDA Approved."  Fourth, even now, SmileCareClub is only registered with the FDA as a repackager/relabeler, not as a manufacturer or specification developer, and is limited to the activities associated with this registration.  SmileCareClub's fundamental alteration of the doctor/patient relationship renders SmileCareClub's comparison to other FDA cleared devices like the Invisalign System inapt.  The existing FDA cleared devices contemplate dental professionals meeting in-person with patients to diagnose the patient, obtain accurate impressions of the patient's existing dentition, develop a treatment plan, and monitor the ongoing treatment through regular in-person contact.  The elimination of these components changes the risk profile of the device and affects the safety and effectiveness of the device. SmileCareClub's product lacks all of these critical components of the current FDA cleared devices.

145.    Defendants' advertising is literally false, deceptive, and misleading representations of fact in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

146.    Upon information and belief, Defendants' false advertising is likely to influence purchasing decisions of customers by representing that customers can receive the same product as Align's Invisalign System for a reduced cost.

147.    As a result of Defendants' false and misleading advertising, Align has suffered and will continue to suffer irreparable and monetary damages in an amount to be determined at trial. Align has and will suffer direct monetary damages from loss of sales from customers who select the SmileCareClub system instead of the Invisalign System.  Align also has and will suffer reputational damage from instances in which customers have negative experiences with the SmileCareClub system that are attributed to problems with all clear aligner systems.

148.    Upon information and belief, Defendants' acts of false and misleading advertising will continue after service of this Complaint unless enjoined by the Court.

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF

149.    Unless Defendants are enjoined by the Court from continuing their false and misleading advertising, Align will suffer additional irreparable harm.  Align has no adequate remedy at law for these wrongs and injuries.  Thus, Align is entitled to preliminary and permanent injunctions against further false advertising.

**COUNT SIXTEEN:**
**UNFAIR COMPETITION (CAL. BUS. & PROF. CODE § 17200)**

150.    Align realleges and incorporates herein the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

151.    Defendants' false and misleading advertising and related actions constitute intentional unfair competition in violation of Align's rights under California Business and Professions Code § 17200, causing injury to Align and its products' sales, business relationships, reputation, and goodwill.

152.    As a result of Defendants' false and misleading advertising, Align has suffered and will continue to suffer irreparable and monetary damages in an amount to be determined at trial.

153.    As a result of Defendants' false and misleading advertising and related actions, Defendants have benefited from increased sales, profits, market share, reputation, and goodwill, some of which Align would otherwise have earned but for Defendants' actions.

154.    Defendants knew, or reasonably should have known, that the increased sales, market share, reputation, and goodwill that they received resulted directly from their literally false, deceptive, and misleading advertising.  Defendants have acted intentionally, willfully, deliberately, maliciously, egregiously, and in bad faith to injure Align.  Align has no adequate remedy at law for such injuries.  Thus, Align is entitled to permanent injunction against further false and misleading advertising.

155.    It would be unjust for Defendants to retain the benefits conferred upon them as a result of their literally false, deceptive, and misleading advertising, and Defendants' continuance of such practices while knowing of the resulting harm.

Case No. 3:15-cv-04864

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF

## **PRAYER FOR RELIEF**

Therefore, Align prays for the following relief:

    a)  a finding that Defendants have infringed each of the patents-in-suit;

    b)  a preliminary and final injunction against the continuing infringement pursuant to 35 U.S.C. § 283;

    c)  damages adequate to compensate Align for Defendants' infringement of the '893, '325, '070, '850, '807, '511, '666, '840, '037, '880, '874, '674, '487, and '106 patents pursuant to 35 U.S.C. § 284;

    d)  a judgment that the infringement was willful and treble damages pursuant to 35 U.S.C. § 284;

    e)  a declaration that this case is an exceptional case within the meaning of 35 U.S.C. § 285 and that Align be awarded attorney fees, costs, and expenses incurred in connection with this action;

    f)  an accounting for damages;

    g)  interest and costs; and

    h)  such other and additional relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

In accordance with Rule 38 of the Federal Rules of Civil Procedure, Align respectfully demands a jury trial of all issues triable to a jury in this action.

Date:  October 22, 2015

Respectfully submitted,

PAUL HASTINGS LLP
THOMAS A. COUNTS
ELIZABETH A. DORSI

By:      /s/ Thomas A. Counts
              Thomas A. Counts

Thomas A. Counts (Bar No. 148051)
tomcounts@paulhastings.com
Elizabeth A. Dorsi (Bar No. 282285)
elizabethdorsi@paulhastings.com
PAUL HASTINGS LLP

1
55 Second Street, Twenty-Fourth Floor
San Francisco, CA  94105-3441
2
Telephone:  1(415) 856-7000
Facsimile:  1(415) 856-7100
3

4
Elizabeth L. Brann (Bar No. 222873)
elizabethbrann@paulhastings.com
PAUL HASTINGS LLP
5
4747 Executive Drive, 12th Floor
San Diego, CA  92121
6
Telephone:  1(858) 458-3000
Facsimile:  1(858) 458-3005
7

8
Timothy P. Cremen (Bar No. 478705)
timothycremen@paulhastings.com
(to be admitted *pro hac vice*)
9
Lisa Y. Leung (Bar No. 277460)
lisaleung@paulhastings.com
10
PAUL HASTINGS LLP
875 15th Street NW
11
Washington, D.C. 20005
Telephone:  (202) 551-1700
12
Facsimile:  (202) 551-1705

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28